OPINION
On October 16, 1998, Emma Riley passed away survived by a son, Brian Register. At the time of her death, Ms. Riley had a 1997 Hyundai automobile registered in her name. Huntington National Bank held a lien on the vehicle. Mr. Register gave temporary possession of the vehicle to appellant, Michael Harvey. Some time later, Mr. Register asked appellant to return the vehicle to him or turn it over to Huntington Bank. Appellant never returned the vehicle. On February 3, 1999, a complaint was filed against appellant for unauthorized use of a motor vehicle in violation of R.C. 2913.03(B). On February 18, 1999, the charge was amended to a violation of R.C. 2913.03(A), a misdemeanor of the first degree. A jury trial commenced on April 23, 1999. The jury found appellant guilty. By judgment entry filed April 26, 1999, the trial court sentenced appellant to one hundred eighty days, all but two days suspended, and imposed a $100 fine plus court costs. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE JURY'S VERDICT OF GUILTY OF UNAUTHORIZED USE OF A MOTOR VEHICLE WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 I
Appellant claims the verdict was against the manifest weight and sufficiency of the evidence. We disagree. On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997),78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. Appellant was convicted of violating R.C. 2913.03(A) which states as follows: (A) No person shall knowingly use or operate an aircraft, motor vehicle, motorcycle, motorboat, or other motor-propelled vehicle without the consent of the owner or person authorized to give consent.
The vehicle in question, a 1997 Hyundai, was registered to Emma Riley who passed away on October 16, 1998. T. at 28, 68. Huntington Bank held a lien on the vehicle. T. at 80-81. Ms. Riley's son, Brian Register, went through his mother's belongings and gave the vehicle to appellant to store temporarily until he returned from his mother's funeral in Florida. T. at 29, 32-33. Appellant also stored a 1987 Nova registered to Ms. Riley. T. at 32, 40. After his return from Florida, Mr. Register called appellant and inquired about the vehicles' whereabouts. T. at 35. Appellant told Mr. Register he would bring both vehicles to him. T. at 36. Thereafter, appellant returned the 1987 Nova but not the 1997 Hyundai. Id. Over a three month period, from the beginning of November to the end of January, Mr. Register repeatedly called appellant and requested the return of the vehicle. T. at 35, 41, 53. Appellant would always have an excuse in order to keep the vehicle longer i.e., the rims he was to change did not fit, the vehicle was in Columbus and he was too busy to retrieve it, the vehicle was wrecked and needed repairs. T. at 36, 39-40. Prior to calling the police, Mr. Register told appellant to give him the vehicle or turn it over to Huntington Bank. T. at 42, 62. Officer Mark Hipp of the North Canton Police Department investigated Mr. Register's complaint. T. at 67. Officer Hipp contacted appellant and told him to return the vehicle because he was not the registered owner. T. at 68-69. Appellant stated he would take care of it. Id. Robert Mihalko of Huntington Bank told appellant on four different occasions to return the vehicle. T. at 89. Appellant never returned the vehicle to Mr. Register or Huntington Bank. On the contrary, appellant represented to Mr. Mihalko that he was in control of Ms. Riley's estate and "that he had the unit and that a storage bill had accumulated to that point of $1100.00 at $10.00 a day." T. at 87. Appellant never presented Mr. Mihalko with proper documentation that he was in fact in control of Ms. Riley's estate. T. at 86. The facts in evidence clearly establish appellant was not the registered owner of the vehicle, he did not have permission from any of Ms. Riley's heirs or next of kin to have possession of the vehicle, he was made aware of these facts through conversations with Mr. Register, Officer Hipp and Mr. Mihalko, and he never returned the vehicle. Upon review, we find sufficient credible evidence to support a conviction for unauthorized use of a vehicle, and no manifest miscarriage of justice.
The sole assignment of error is denied.
The judgment of the Canton Municipal Court of Stark County, Ohio is hereby affirmed.
By FARMER, J. WISE, P.J. and EDWARDS, J. concur.